1

2

3

4

5

6

7

FILED
CLERK, U.S. DISTRICT COURT

8/19/25

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MRV _____ DEPUTY

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                  June 2025 Grand Jury

11   UNITED STATES OF AMERICA,          CR 2:25-cr-00688-GW

12            Plaintiff,               I N D I C T M E N T

13            v.                       [21 U.S.C. § 846: Conspiracy to
                                       Distribute and Possess with Intent
14   JOSE ULISES ALFARO MERLOS,        to Distribute Cocaine; 21 U.S.C.
     FRANCISCO CHAVARRIA BONILLA,      §§ 841(a)(1), (b)(1)(C):
15   JOSE FERNANDO MONTILLA SUAREZ,    Distribution of and Possession
     DENNIS FABIAN ALBARRACIN          with Intent to Distribute Cocaine;
16      CASTILLO,                      21 U.S.C. § 853, 18 U.S.C. § 924,
     WILLIAM MOISES AYALA GUERRERO,    and 28 U.S.C. § 2461(c): Criminal
17      and                            Forfeiture]
     SAMUEL ERNESTO AYALA GUERRERO,
18
              Defendants.
19

20

21        The Grand Jury charges:

22                        COUNT ONE

23                     [21 U.S.C. § 846]

24                     [ALL DEFENDANTS]

25   A.   OBJECTS OF THE CONSPIRACY

26        Beginning on an unknown date and continuing until at least on or

27   about May 20, 2025, in Los Angeles County and Ventura County, within

28   the Central District of California, and elsewhere, defendants JOSE

ULISES ALFARO MERLOS ("MERLOS"), FRANCISCO CHAVARRIA BONILLA ("BONILLA"), JOSE FERNANDO MONTILLA SUAREZ ("SUAREZ"), DENNIS FABIAN ALBARRACIN CASTILLO ("CASTILLO"), WILLIAM MOISES AYALA GUERRERO ("W. GUERRERO"), and SAMUEL ERNESTO AYALA GUERRERO ("S. GUERRERO"), conspired with each other and with others known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii).

B.  MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.  The drug trafficking organization, which included defendants MERLOS, BONILLA, SUAREZ, CASTILLO, W. GUERRERO, and S. GUERRERO, communicated with drug customers through the use of cellphones, including a phone whose number ended in 8264 ("Dispatch Phone 1") and a phone whose number ended in 9920 ("Dispatch Phone 2"), to deliver cocaine in exchange for U.S. currency.

2.  Defendants MERLOS, W. GUERRERO, and S. GUERRERO, used apartment units located within the apartment complex on Vincennes Street in Panorama City, as the location to store cocaine for further distribution (the "Stash House").

3.  Defendants MERLOS, BONILLA, SUAREZ, and CASTILLO would bring packaged cocaine from the Stash House to other locations and deliver and distribute the cocaine to drug customers.

C.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants, and others known and unknown to the Grand Jury, committed various overt acts, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:  On February 1, 2024, the operator of Dispatch Phone 1 coordinated with an undercover law enforcement agent posing as a drug customer (the "UC") for the delivery of cocaine, and an unknown co-conspirator ("Co-Conspirator 1") drove to the UC and delivered approximately 1.98 grams of cocaine in exchange for $230.

Overt Act No. 2:  On February 1, 2024, after the delivery of cocaine to the UC, Co-Conspirator 1 drove back to the Stash House.

Overt Act No. 3:  On March 12, 2024, the operator of Dispatch Phone 1 coordinated with the UC for the delivery of cocaine, and defendant BONILLA drove to the UC and delivered approximately two grams of cocaine to the UC in exchange for $240.

Overt Act No. 4:  On June 4, 2024, defendant BONILLA possessed approximately 77.3 grams of cocaine inside a car he was driving.

Overt Act No. 5:  On July 23, 2024, defendant SUAREZ drove from the Stash House to Canoga Park, California and sold approximately 1.685 grams of cocaine to the UC in exchange for $200, after law enforcement ordered the cocaine via text messages to Dispatch Phone 1.

Overt Act No. 6:  On July 23, 2024, defendant SUAREZ possessed approximately 77 grams of cocaine inside a car he was driving.

Overt Act No. 7:  On October 10, 2024, defendant MERLOS sold approximately 3.58 grams of cocaine to a confidential informant

working for law enforcement in exchange for $240, after law enforcement ordered the cocaine via Dispatch Phone 2.

Overt Act No. 8:  On December 5, 2024, defendant CASTILLO sold approximately 1.98 grams of cocaine to the UC in exchange for $220, after law enforcement ordered cocaine via text messages to Dispatch Phone 1.

Overt Act No. 9:  On February 13, 2025, defendant MERLOS sold approximately 48.4 grams of cocaine to the UC in exchange for $4,000, after law enforcement ordered cocaine via text messages to Dispatch Phone 2.

Overt Act No. 10:  On May 20, 2025, defendants MERLOS, W. GUERRERO, and S. GUERRERO, resided at the Stash House where they kept drug ledgers, over $100,000 in U.S. currency, and approximately 341.34 grams of cocaine.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT BONILLA]

On or about March 12, 2024, in Los Angeles County, within the Central District of California, defendant FRANCISCO CHAVARRIA BONILLA knowingly and intentionally distributed approximately 2 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT BONILLA]

On or about June 4, 2024, in Los Angeles County, within the Central District of California, defendant FRANCISCO CHAVARRIA BONILLA knowingly and intentionally possessed with intent to distribute approximately 77.3 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT SUAREZ]

On or about July 23, 2024, in Los Angeles County, within the Central District of California, defendant JOSE FERNANDO MONTILLA SUAREZ knowingly and intentionally distributed approximately 1.685 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT SUAREZ]

On or about July 23, 2024, in Los Angeles County, within the Central District of California, defendant JOSE FERNANDO MONTILLA SUAREZ knowingly and intentionally possessed with intent to distribute approximately 77 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT MERLOS]

On or about October 10, 2024, in Ventura County, within the Central District of California, defendant JOSE ULISES ALFARO MERLOS knowingly and intentionally distributed approximately 3.58 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT CASTILLO]

On or about December 5, 2024, in Los Angeles County, within the Central District of California, defendant DENNIS FABIAN ALBARRACIN CASTILLO knowingly and intentionally distributed approximately 1.98 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT MERLOS]

On or about February 13, 2025, in Los Angeles County, within the Central District of California, defendant JOSE ULISES ALFARO MERLOS knowingly and intentionally distributed approximately 48.4 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANTS MERLOS, W. GUERRERO, and S. GUERRERO]

On or about May 20, 2025, in Los Angeles County, within the Central District of California, defendants JOSE ULISES ALFARO MERLOS, WILLIAM MOISES AYALA GUERRERO, and SAMUEL ERNESTO AYALA GUERRERO knowingly and intentionally possessed with intent to distribute approximately 341.34 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Nine of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)    All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which defendant obtained, directly or indirectly, from such offense;

(b)    All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

(c)    All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), defendant, if so convicted, shall forfeit substitute property if, by any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

13

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
Section

JOSHUA J. LEE
Assistant United States Attorney
Domestic Security & Immigration
Crimes Section